**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ALTUANE BROWN

                    Plaintiff,

   -against-

RED HOUSE RESTAURANT, INC. and BDS
ASSOCIATES, LLC,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

<u>DEFAULT JUDGMENT</u>

25 Civ. 5625 (GBD)

GEORGE B. DANIELS, District Judge:

Plaintiff Altuane Brown commenced this action on July 8, 2025, by the filing of a Summons and Complaint alleging violations of the Americans with Disabilities Act, New York City Human Rights Law, and the New York State Human Rights Law. (ECF No. 1.) On July 21, 2025, through the secretary of state, Plaintiff served a copy of the Summons and Complaint on Defendants Red House Restaurant, Inc. and BDS Associates, LLC (collectively "Defendants"). On July 28, 2025, Plaintiff filed proof of service for each defendant. (ECF Nos. 6, 7.) Defendants having failed to answer, appear, or otherwise move with respect to the Complaint, and the time for appearing, answering, or moving having expired, it is hereby:

ORDERED, ADJUDGED, AND DECREED that Plaintiff Altuane Brown have judgment, with respect to the premises known as and located at 203 East 14th Street, New York, NY 10003 (the "Premises"), that include an order to:

   i) Compel Defendants to make said Premises compliant with the ADA, the NYCHRL, and NYSHRL, in accordance with the Administrative Code of the City of New York, and the 2010 ADA Standards for Accessible Design ("ADAAG") which provides minimum

requirements for public accommodations to become readily accessible and useable by individuals with disabilities. Defendants shall:

a. Within 30 days of this Order, retain an ADA expert to provide a report that: 1) identifies all violations of the ADA within the public accommodation of the Premises whether or not said violation is identified in the Complaint, including the physical removal of all structural barriers within the Premises (the "Expert Report"); and 2) provides, a comprehensive plan to remediate, remove, and cure all violations identified in the Expert Report including the removal of all structural and access barriers within the Premises, and does not rely upon temporary fixes, within 30 days of this Order (the "Work").

   i. The Expert Report must specifically address the creation of an independently accessible entrance with appropriate slope and signage, together with an ADA accessible service/check-out counter. Should the Expert Report find that an accessible entrance and service counter are not readily achievable under ADAAG standards, then it should provide a reasonable alternative.

b. Within 90 days of this Order, Defendants shall complete the Work in compliance with ADAAG guidelines.

ii) Should Defendants be unable to comply with the above deadlines, they must show cause as to: 1) what portions of this Order they have already complied with; 2) what portions of this Order require additional time; 3) how much additional time is needed; and 4) why additional time is needed.

iii) Should Defendants fail to timely comply with this Order, then upon application to the Court by Plaintiff's Counsel notifying this Court of Defendants' failure to comply, to close and cease operation of the public accommodations within the Premises until the modifications set forth herein are completed.

IT IS FURTHER ORDERED that Defendants are restrained from and shall cease all renovations of the Premises, until the conclusion of this action and upon Defendants' application to this Court supported by expert verification that Defendants' renovation at and upon the Premises are in compliance with the ADA, NYSHRL, NYCHRL, and other accessibility standards. Plaintiff may serve this order to cease operations and renovations upon third parties by first-class certified mail to those reasonably identified as a person or business engaging in the operation or renovation of the Premises.

IT IS FURTHER ORDERED that Plaintiff be awarded not less than one thousand dollars ($1,000) in compensatory damages based on Defendants' violations of the NYCHRL and the NYSHRL; Defendants are to comply with terms of the Final Judgment within sixty (60) days of the entry of the judgment; and this Honorable Court retains jurisdiction relating to the Plaintiff's attorneys' fees and said motion shall be filed at the conclusion of this Action.

IT IS FURTHER ORDERED that pursuant to 28 C.F.R. §36.201(b), Defendant, BDS Associates, LLC, and any commercial tenant it may seek to place in the Premises have joint and several responsibility and liability for complying with the ADA requirements for operating a public accommodation at the Premises.

IT IS FURTHER ORDERED that Defendants pay all of Plaintiff's reasonable attorney fees and costs in accordance with 42 U.S. Code §12205, for which this Court retains jurisdiction. Said motion for attorney's fees and costs shall be filed within ninety (90) days, or at a time

3

thereafter set by this Court, of entry of this Final Judgment or conclusion of the enforcement of

this Order

The Clerk of Court is directed to close the motion, (ECF No. 20,) accordingly.

Dated: New York, New York
December 17, 2025

SO ORDERED.

*George B Daniels*

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

4